IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


ISMAEL FIGUEROA,                :
                                :
        Plaintiff               :
                                :
     v.                         :    CIVIL NO. 3:CV-11-1088
                                :
SHIRLEY MOORE-SMEAL, ET AL.,    :    (Judge Conaboy)
                                :
        Defendants              :
_____

## MEMORANDUM
### Background

Ismael Figueroa (Plaintiff) filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 while previously confined at the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.).[1] Service of the Complaint was previously ordered.

Plaintiff subsequently notified this Court that he completed service of his state prison sentence on February 23, 2012 and had been transferred to the Northumberland County Prison. See Doc. 29.

By Memorandum and Order dated March 2, 2012, this Court partially granted Defendants' motion seeking partial dismissal.[2] See Doc. 30. Specifically, dismissal was granted in favor of all

---

1. Plaintiff was subsequently transferred to the Northumberland County Prison, Sunbury, Pennsylvania. See Doc. 29.

2. The motion did not seek dismissal of the claim that Defendant Sergeant Young placed razor blade pieces in Plaintiff's food on September 24, 201. See Doc. 21, p. 23.

1

named Defendants[3] with the exception of the allegations that Defendant SCI-Coal Twp. Sergeant Young: (1) placed a razor blade in Plaintiff's food and verbally threatened the prisoner on September 24, 2001; (2) subjected Figueroa to excessive force on October 13, 2010; and (3) retaliated against Plaintiff for his filing of an institutional grievance.[4]

Defendant Young subsequently filed an answer to the Complaint and was also granted leave to take the inmate Plaintiff's deposition. On September 25, 2012, Young filed an amended certificate of service which indicated that Plaintiff had been released from custody and was residing in Chambersburg, Pennsylvania. See Doc. 45. It is also noted that correspondence from this Court which was sent to Plaintiff at the Northumberland County Prison was returned that same day as undeliverable. See Doc. 46.

Presently pending is Defendant Young's motion seeking

---

3. There are also claims asserted against John Doe Defendants who have yet to be identified.

4. It is alleged that Defendant Young verbally threatened Plaintiff's life when delivering the prisoner's lunch tray on September 24, 2010. Figueroa states that he experienced sharp pain and suffered lacerations to his mouth when he ate food from the tray and discovered that his meal had been contaminated with razor blade pieces. Doc. 1 at ¶ 29-30.
　　The Complaint further claims that Young "forcefully" grabbed Plaintiff's arm and verbally threatened him on October 13, 2010 while escorting him from the exercise yard. Id. at ¶ 52. Young also purportedly denied Plaintiff access to the prison law library on October 20, 2010. It is further asserted that Yong's actions were taken in retaliation for the inmate's initiation of institutional grievances against the Defendant.

2

dismissal of Plaintiff's action for failure to prosecute. See Doc. 48.

## **Discussion**

Defendant Sgt. Young acknowledges that Plaintiff completed service of his state sentence on February 12, 2012 at which time he was transferred to the Northumberland County Prison. The Moving Defendant correctly notes that Plaintiff notified this Court of that change in address. Young asserts that he was advised by the Northumberland County Prison in September, 2012 that Figuerora had been released and was provided with the Plaintiff's last known address (Chambersburg). See Doc. 49, p. 2.

Defendant Young asserts that he sent a notice to the Chambersburg address informing Plaintiff that his deposition would be taken on October 12, 2012. The notice of deposition was accompanied by a cover letter, and directions to the law office where the deposition would be conducted. However, although the notice of deposition was not returned as undeliverable, Plaintiff did not appear at the scheduled deposition or otherwise contact counsel for Defendant Young. Based upon those circumstances, the Defendant requests that Plaintiff's action be dismissed for failure to prosecute.

If a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice. See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of

3

an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis). In a similar case, the Court of Appeals for the Third Circuit recognized that a district court "has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)"[5] when a litigant fails to comply with a court order directing him to file an amended complaint. See Azubuko v. Bell National Organization, 243 Fed. Appx. 728, 729 (3d Cir. 2007).

The Court of Appeals for the Third Circuit in Poulis set forth six (6) factors which must be considered in determining whether to dismiss a complaint with prejudice for failure to prosecute: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was wilful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994).

**Deposition**

Federal Rule of Civil Procedure 30(b)(1), (2), and (3) provide as follows:

---

5. Federal Rule of Civil Procedure 41(b) provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or of any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits.

4

> (1) A party who wants to depose a person by oral
> questions must give reasonable written notice to
> every other party. The notice must state the time
> and place of the deposition and, if known, the
> deponent's name and address. If the name is
> unknown, the notice must provide a general
> description sufficient to identify the person or the
> particular class or group to which the person
> belongs.

Based on a review of the record, there is no evidence that the Moving Defendant failed to comply with any of the requirements set forth in Rule 30. As previously noted, Young also previously sought and was granted permission to take the deposition of the Plaintiff while he was still incarcerated.[6]

Figueroa's lack of appearance at his scheduled deposition lacked any apparent justification and his non-cooperation in the discovery process is an appropriate basis for dismissal of the remainder of this action for failure to prosecute. This conclusion is buttressed by his failure to oppose the pending motion.[7]

**Address Change**

A copy of this Court's Standing Practice Order was mailed to Plaintiff on June 8, 2011. See Doc. 7. The Standing Practice Order provides in relevant part as follows:

> A *pro se* plaintiff has the affirmative obligation to keep
> the court informed of his or her current address. If the
> plaintiff changes his or her address while this lawsuit is

---

6. While Federal Rule of Civil Procedure 26(c)(5) allows a court, under certain circumstances, to issue a protective order regarding the taking of a deposition, the Plaintiff did not seek the issuance of a protective order prior to the October 12, 2012 deposition.

7. It is also noted that Plaintiff has not made any submissions to this Court since July 13, 2012.

5

> being litigated, the plaintiff shall immediately inform the
> court of the change, in writing.  If the court is unable to
> communicate with the plaintiff because the plaintiff has
> failed to notify the court of his or her address the
> plaintiff will be deemed to have abandoned the lawsuit.

Id., p. 4.

M.D. Pa. Local Rule 83.18 similarly provides that a pro se litigant has an affirmative obligation to keep the court informed of his or her address and must immediately inform the court if his or her address changes in the course of the litigation.

Although Plaintiff advised this Court of his transfer to the Northumberland County Prison, he did not notify this Court when he was released from that facility nor did he provide the Court with his last known Chambersburg address.  More importantly, it is unknown if Plaintiff is or ever resided at the Chambersburg address.  Consequently, Figueroa has clearly failed to comply with a requirement of the Court's Standing Practice Order and Local Rule 83.18.  The inability of this Court to communicate with Plaintiff is solely the result of his own inaction and prevents the taking of any other sanctions.  See Poulis v. State Farm, 747 F. 2d 863 (3d Cir. 1984).  Since Figueroa's present whereabouts are unclear, it would be a waste of judicial resources to allow this action to continue.

## Conclusion

Based upon an application of the Poulis factors, adequate grounds have been established for the extreme sanction of dismissal.[8]  This conclusion is premised on the following

---

8. Although Azubuko, 243 Fed. Appx. at 729, recognizes a
(continued...)

considerations: (1) Plaintiff's non-appearance at his scheduled deposition; (2) his failure to notify opposing counsel or the Court that he would not appear; (3) the failure of Plaintiff to notify either the Court or opposing counsel of his current address; (4) Plaintiff'S failure to respond to the pending motion; and (5) the obvious prejudice to the Defendant. Those factors support a finding of dilatoriness and wilful conduct by Figueroa and other sanctions are not a viable alternative since this action cannot proceed because the Plaintiff's present whereabouts are unclear and he has not cooperated in the discovery process.

This Court is satisfied that based on the present circumstances, dismissal of this action without prejudice for failure to prosecute is warranted. However, in the event that Plaintiff provides this Court with his current address within fourteen (14) days of the date of this Memorandum and Order, this determination will be reconsidered. An appropriate order will enter.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER 31, 2012

---

8. (...continued)
"balancing under Poulis is unnecessary" in cases such as the present matter where a litigant's conduct makes adjudication of the case impossible, other Third Circuit decisions indicate that the Poulis analysis should be undertaken. See Hernandez v. Palakovich, 293 Fed. Appx. 890, 894 (3d Cir. 2008) (Poulis factors must be considered before dismissing a case as a sanction for failure to follow a court order).